FILED

2007 DEC -3 PM 2: 24

Page 2

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District NORTHERN OF OHIO |
|---|---|
| Name (under which you were convicted): MATTHEW PAUL STEIN | Docket or Case No.: 1:07 CV 03696 |
| Place of Confinement: Belmont Corr. Inst. Post Office Box 540 St. Clairsville, Ohio 43950 | Prisoner No.: A492.058 |
| Petitioner (include the name under which you were convicted) MATTHEW P. STEIN v. | Respondent (authorized person having custody of petitioner) MICHELE EBERLIN, WARDEN |
| The Attorney General of the State of Ohio - ATTY. MARC DANN | |

JUDGE BOYKO
MAG. JUDGE GALLAS

PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: Richland County Common Pleas Court; 50 Park Avenue East; Mansfield, Ohio 44901

   (b) Criminal docket or case number (if you know): 2005-CR-224D

2. (a) Date of the judgment of conviction (if you know): September 7, 2005

   (b) Date of sentencing: September 12, 2005

3. Length of sentence: Eight (8) years

4. In this case, were you convicted on more than one count or of more than one crime?   Yes ☐   No ☒

5. Identify all crimes of which you were convicted and sentenced in this case: Felonious assault, in second degree - sentenced to 8 yrs.

6. (a) What was your plea? (Check one)
   (1) Not guilty ☒     (3) Nolo contendere (no contest) ☐
   (2) Guilty ☐          (4) Insanity plea ☐

# PETITIONER'S MEMORANDUM IN SUPPORT

**OVERVIEW:**

"[I]t is the birthright of every American citizen, when charged with a crime, to be tried and punished according to the law. The power of punishment is alone through means which laws have provided for that purpose, and if they are ineffectual, there is an immunity from punishment, no matter how great an offender the individual may be, or how much his crimes may have shocked the sense of justice of the country, or endangered its safety. By protection of the law, human rights are secured". *Ex parte Milligan*, 71 U.S. (4 Wall.) 2, 118-19 (1866). This well-principled jurisprudence is an intrinsic essential to why Congress enacted 28 U.S.C. 2254 to interpose federal courts between the States and the people, as guardian of people's federal rights – to protect the people from unconstitutional actions. *Mitchum v. Foster*, 407 U.S. 225, 242 (1972).

In satisfying strictures ascribed by 2254, this Honorable federal habeas Court is invoked to "grant relief only if the [state court] adjudication was (1) contrary to, or involved an unreasonable application, of clearly established Federal law as determined by the United States Supreme Court, or (2) based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. 28 U.S.C. 2254(d)". *Wolfe v. Randle*, 267 F.Supp.2d 743, 747 (S.D. Ohio 2003). Additionallly, while standard of review is deferential to state court's decision, it's "not toothless". *Thornburgh v. Abbott*, 490 U.S. 401, 414 (1989).

Furthermore, Petitioner asserts facts and claims to follow will not only vitiate conviction, pursuant to an unfair trial structure, but evidence underpinning such will establish "actual innocence". *Bousley v. U.S.*, 523 U.S. 614, 623-24 (1995), quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)(To establish actual innocence, petitioner must demonstrate that, " 'in light of all the evidence' ", "it is more likely than not that no reasonable juror would have convicted him".).

Petitioner further urges inquiry into the constitutionality of punishment is warranted, as he can demonstrate "cause" and "prejudice" for the procedural default of such a proclamation.

## CASE HISTORY:

At the onset, Petitioner would note that this case presents circumstances that are one act shy of a full three-ring circus, as he was not only engaged in a very emotional civil battle for his son's life, Exh.#1, and defending criminal allegations as to the cause for his son's medical conditions, Exh.#2, but the media influence pre-limited the pool of possible impartial jurors.

October 27, 2003, Aiden Stein was born to Matthew Stein and Arica Heimlich. The birthing of Aiden wasn't ideal, and did suffer complications.

On March 15, 2004, Aiden suffered complications in feeding that resulted in respiratory arrest, CPR and ambulance transport to emergency room at MedCentral Hospital (Mansfield, Ohio). Exh.#3. During transport to MedCentral, paramedics had to stop ambulance a couple of times and drain Aiden's "airways" for formula. Given complexity of Aiden's condition, he was stabilized and lifeflighted to Akron Children's Hospital. Aiden's primary physician at Children's Hospital was one Dr. Daryl Steiner, who testified that a CT scan revealed extensive bleeding around Aiden's brain, swelling and a skull fracture consistent with physical abuse. Exh.#4. However, another professional opinion of the CT scans derived a totally different analysis. Exh.#5. Petitioner also had his own expert witness, Dr. Paul A. Burne, who concurred in Akron General's findings. Exh.#6. Albeit too late to affect trial court proceedings, Dr. Byrne received an analysis of the CT scans from another colleague, Dr. Patrick D. Barnes of Stanford University Medical Center. Exh.#7.

On March 16, 2004, Petitioner was interviewed by the Mansfield Police Dept. for suspicion of child abuse. Exh.#8.

On April 7, 2005, Petitioner was indicted for felonious assault and child endangering, both felonies of the second degree. On August 25, 2005, jury-trial ensued, which Petitioner was found guilty as charged on September 7, 2005. During the intermittent, one of the jurors, Ms. Lindsey Smith, had questionable conversation with a co-worker. Exh.#9.

On September 12, 2005, trial court found offenses to be of similar import and imposed the statutory

maximum prison term of eight (8) years, above and beyond Petitioner never before serving a prison term and being prime candidate for the "statutory maximum" term of two (2) *years*. *Blakely v. Washington*, 542 U.S. 296 (2004). trial counsel failed to object to this line of sentencing, and such will be discussed more fully later.

Thereafter, *Petitioner, inter alia*, appealed to the Richland County Court of Appeals, Fifth Judicial District, grieving that: THE INEFFECTIVENESS OF DEFENSE COUNSEL VIOLATED APPELANT'S (SIC) RIGHT TO COUNSEL UNDER THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, S. 16 OF THE OHIO CONSTITUTION. Exh.#2. On March 14, 2007, state appellate court affirmed conviction. *Id*.

Thereafter, Petitioner, *inter alia*, sought discretionary review by state supreme court. On July 25, 2007, state supreme court declined jurisdiction. See, *State v. Stein*, 114 OS3d 1483, 870 NE2d 734, 2007-Ohio-1153.

Petitioner is now before this Honorable federal habeas Court presenting the following constitutional grievances for review.

## FEDERAL CONSTITUTION CLAIMS:

### PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN ENSURING RIGHT TO A FAIR TRIAL.

### STANDARD OF REVIEW:

Right to effective assistance of counsel is, in effect, right of accused to require prosecution's case to survive crucible of meaningful adversarial testing. *Strickland v. Washington*, 466 U.S. 668 (1984). If counsel fails to subject prosecution's case to a meaningful adversarial testing, then there has been a denial of Sixth Amendment right that makes adversarial process itself presumptively unreliable. *U.S. v. Cronic*, 466 U.S. 648 (1984). Additionally, to prevail on claim of ineffectiveness, aggrieved must demonstrate counsel's performance was deficient and prejudice was incurred from such. *Strickland, supra*.

Moreover, because right to counsel is so fundamental to the framework of a fair trial, the Constitution cannot tolerate trials where counsel, though present in name, is unable to assist client in obtaining a fair decision on the merits of case. *Evitts v. Lucey,* 469 U.S. 385, 387 (1985). This guarantee applies to every criminal prosecution, irrespective of whether counsel is retained or appointed. Therefore, unless a criminal defendant has representation able to invoke the procedural and substantive safeguards that distinguish our system of justice, a serious risk of injustice infects trial itself. When a State obtains a criminal conviction pursuant to such a trial, it unconstitutionally deprives defendant of liberty. *Cuyler v. Sullivan,* 446 U.S. 335, 342-45 (1980).

**ARGUMENT:**

Jury *voir dires* are equipped with the safeguard of challenge for cause in order to protect against biased ulterior interests. Supreme Court has reasoned, in *McDonough Power Equipment, Inc. v. Greenwood,* 464 U.S. 548, 558 (1984), that: "Because the bias of a juror will rarely be admitted by the juror himself, partly because the juror may have an interest in concealing his own bias and partly because the juror may be unaware of it, it necessarily must be inferred from surrounding facts and circumstances". Albeit state appellate court properly cited this analysis, its adjudication was contrary to and involved an unreasonable application of Federal law.

That is, state appellate court reduced constitutional grievances with seating of Juror Allen Schwartz & Juror Lindsey Smith to that of a discretionary matter lying within province of trial court, Exh.#2 at paragraph 17, negating to address query of meaningful adversarial testing. Albeit trial counsel did challenge Juror Schwartz's seating, Petitioner asserts that such was superficial and lacked the fundamental essentials of meaningful testing. Record of *voir dire* will affirm that counsel failed to invoke trial court's analysis of challenge under above federal law, rather, only inquiring of knowledge of lawsuit. Paragraph 5 of Exh.#2 clearly establishes facts and circumstances, when inferred into analysis, constituting bias. Sixth Amendment substantive right to an impartial jury requires a panel bias and prejudice free. *Murphy v. Florida*, 421 U.S. 794 (1975). This means that even if it can be

demonstrated that a single juror is biased or prejudiced constitutional guarantee has been denied.

Juror Schwartz's position as an administrator for MedCentral Hospital is an extrinsic factual predicate lending towards a tainted deliberation. His power of influence is clearly evident in Juror Smith's abrupt line of reasoning on guilt. Juror Smith disclosed to a co-worker that State failed to satisfy its Fifth Amendment burden, Exh.#7, but returned a verdict of guilt after deliberations. Juror Schwartz's conviction as administrator required him to protect the shareholder's interest. A guilty verdict would relieve liability of malpractice, an extrinsic factor well-known to Juror Schwartz. Hence, Petitioner asserts that Juror Schwartz was biased by an incompunctuous interest to protect shareholders' interest and trial counsel fell below a reasonable standard of representation in failing to invoke substantive safeguards. Petitioner stands prejudiced by trial with partial juror(s).

**PETITIONER SUFFERS A SUBSTANTIAL MISCARRIAGE OF JUSTICE, AS HE IS ACTUALLY INNOCENT OF CRIME(S).**

**STANDARD OF REVIEW:**

Under normal circumstances, a claim not exhausted in state courts is deemed procedurally defaulted and forfeited for federal habeas review unless "cause" and "prejudice" can be demonstrated. *Murray v. Carrier*, 477 U.S. 478 (1986). However, constitutional grievance can proceed in succedaneum where it can be demonstrated conviction is the result "of one who is actually innocent". *Id.*, 477 U.S. @ 496.

To establish actual innocence, petitioner must show, in light of all evidence, it is more likely no reasonable juror would have convicted him. *Bousley, supra; Schlup, supra.*

**ARGUMENT:**

As an overture, Petitioner submits that actual innocence inquiry requires existence of evidence not submitted for jury deliberations. Additionally, the probative value of a different outcome must be of higher currency in "new" evidence as opposed to that submitted.

Here, Petitioner relies upon the currency of Dr. Carl Martino's, Exh.#4, and Dr. Patrick D. Barnes', Exh.#5, analysis of the CT scans over Dr. Anthony J. Midkiff's "physical", Exh.#3, and Dr. Daryl

Steiner's testimony, Exh. #2 @ paragraph 4.

Dr. Steiner testified to a skull fracture and brain damage caused by physical abuse. Dr. Midkiff's report is actually immaterial insofar as the CT scans are concerned, and only evinces complications with the IV and endotracheal tube.

Dr. Martino, on the other hand, interpreted CT scans as evincing hemorrhaging *in utero*, lending to draining of extraaxial fluids and brain expanding; then Aiden "stroked out" and new hemorrhage formed. Additionally, "viability of the brain tissue gave out between **March 17 and March 22**". **(Emphasis added)**. "They tried to relieve it with the drains but got a bad result". While Dr. Martino did admit that CT scans could be consistent with shaken baby syndrome, he further said, and outlined, this wasn't the only explanation. Dr. Martino concluded, with 100% certainty, that there existed no skull fracture.

Ironically, Dr. Barnes concurred to a substantial degree with Dr. Martino. However, Dr. Barnes' currency on totally ruling out nonaccidental injury is a bit higher that Dr. Martino's, as Dr. Barnes enjoys elite credentials.

Conclusively, the currency of Dr. Martino's and Dr. Barnes' analyses of the CT scans gives rise to another reasonable explanation for Aiden's brain damage, and taking due inference of all evidence, Petitioner asserts that a reasonable impartial juror wouldn't have convicted him of circumstances resulting from *in utero* and birth complications, including post-surgical effects.

**PETITIONER'S PUNISHMENT IS UNCONSTITUTIONAL UNDER *BLAKELY V. WASHINGTON*, 542 U.S. 296 (2004).**

**ARGUMENT:**

Because this claim wasn't presented to the state courts, Petitioner must demonstrate "cause" and "prejudice" for federal habeas review. "Cause" may be demonstrated via novelty of the legal basis available to counsel. ***Reed v. Ross***, 468 U.S. 1, 16 (1984). "Prejudice" is demonstrated by the injustice incurred from abdication of constitutional error.

Albeit Petitioner concedes that Sixth Amendment principles warranting a "statutory maximum" of statutory minimum was of novel federal law, state of issue was in considerable flux in Ohio. In fact, issue has remained in a state of flux until recently, on September 26, 2007, when state supreme court announced decision in *State v. Payne*, 114 OS3d 502. Hence, because state courts ignored *Miller v. Florida's*, 482 U.S. 423 (1987) influence on state supreme court's constitutional analysis of sentencing scheme in *State v. Foster* (2006), 109 OS3d 1, it would have proven detrimental to present issue on direct review.

Moreover, no innuenduous paradigm is necessary to establish Petitioner is serving frist prison term, and former O.R.C. 2929.14(B) made it mandatory, not presumptive, that he be only subjected to two (2) years under O.R.C. 2929.14(A)(2) – pursuant to *Blakely*. Hence, resentencing is constitutionally warranted, absent immediate release pursuant to more than two-year incapacitation.

Prejudice, here, is presumed. It is pursuant to the state courts' own incompunctuous qualms about apt procedure and forum to present claim that such wasn't presented below. Ohio's misconceptions about federal law affecting punishment ought not be borne by Petitioner, against constitutional right to be punished according to the law.

## CONCLUSION:

**Wherefore**, all of thee above, Petitioner prays upon: vacation of conviction, retrial ordered pursuant to impartial jurors and ineffective assistance; vacation of conviction, with discharge pursuant to actual innocence; or, at the very least, vacation of sentence and resentencing to minimum two-year prison term ordered.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: **AS REQUESTED IN CONCLUSION.**

or any other relief to which petitioner may be entitled.

_____N/A_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on __11-26-07__ (month, date, year).

Executed (signed) on __11-26-07__ (date).

_____Matthew_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition

IN FORMA PAUPERIS DECLARATION

_____
[insert appropriate court]

* * * * *