**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **MATTHEW PAUL STEIN** | ) | **CASE NO.1:07CV3696** |
| | ) | |
| Petitioner, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **MICHELE EBERLIN, Warden** | ) | **MEMORANDUM OF OPINION** |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

    This matter is before the Court on Petitioner Matthew Paul Stein's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1). For the following reasons, the Court ACCEPTS and ADOPTS the Magistrate Judge's Report and Recommendation and denies Petitioner's Petition.

## FACTS

    The following is a factual synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation adopted and incorporated, provides a more complete and detailed discussion of the facts. The Richland County Grand Jury charged Petitioner with one count of Felonious Assault in violation of Ohio Revised Code ("O.R.C.") § 2903.11(A)(1) and one count of Child Endangerment in violation of O.R.C.

1

§ 2919(B)(1). On September 7, 2005, a jury found Petitioner guilty as charged. On September 13, 2005, the trial court sentenced Petitioner to a term of eight years imprisonment on Count One. He did not receive a sentence for Count Two as the offense was deemed an allied offense of similar import.

On October 13, 2005, Petitioner, represented by new counsel, filed a timely Notice of Appeal with the Court of Appeals for the Fifth Appellate District. On March 14, 2007, the state appellate court affirmed Petitioner's conviction. Petitioner, through counsel, filed a timely appeal with the Supreme Court of Ohio. On July 25, 2007, the Supreme Court of Ohio dismissed the appeal as not involving any substantial constitutional question. While his direct appeal was pending, Petitioner, through counsel, filed a Motion for a New Trial pursuant to Ohio Crim. R. 33(A)(2) on March 9, 2006. The trial court overruled Petitioner's Motion finding it was untimely and it did not qualify for the exemption allowed for Motions Based on Newly Discovered Evidence.

On December 3, 2007, Petitioner, pro se, filed a Motion for Relief From Judgment pursuant to Civil Rule 60(B)(4). The trial court construed his motion as a Petition for Post-Conviction Relief and denied it as untimely. On March 13, 2008, Petitioner, pro se, appealed the trial court's denial of his Petition for Post-Conviction Relief to the state appellate court. The state appellate court found that the trial court had appropriately recast Petitioner's motion as a Post-Conviction Petition and did not err by denying it. The court found that his motion was untimely and the issues raised therein were barred by res judicata.

On December 3, 2007 Petitioner filed the instant Petition for Writ of Habeas Corpus, asserting the following claims:

**GROUND ONE**: He was denied effective assistance of trial counsel due to counsel's failure to safeguard his right to a trial before an impartial jury.

**GROUND TWO**: He is actually innocent of the crimes for which he was convicted.

2

**GROUND THREE**: His sentence violated clearly established federal law based on the United States Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004).

On February 6, 2008, this court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation. The Magistrate Judge issued his Report and Recommendation on December 22, 2008. Petitioner timely filed his Objections to the Report and Recommendation on January 5, 2009.

## STANDARD OF REVIEW

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411. Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## ANALYSIS

Petitioner contends he was denied effective assistance of counsel for failing to

3

challenge the seating of certain jurors. A defendant seeking to establish ineffective assistance of counsel must satisfy the standards set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), where the Supreme Court formulated the following test:

> . . . First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.

In attempting to establish that his attorney's performance was deficient, a defendant "must show that counsel's representation fell below an objective standard of reasonableness." 466 U.S. at 687-88. Judicial scrutiny of counsel's performance, however, "must be highly deferential." 466 U.S. at 689. A reviewing court must ensure that "every effort is made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." 466 U.S. at 689. The reviewing court is also required to recognize that "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." 466 U.S. at 690.

An error by counsel, "even if professionally unreasonable," will "not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. Deficiencies in counsel's performance must instead "be prejudicial to the defense in order to constitute ineffective assistance." *Id.* at 692. To establish prejudice, the "defendant must show that there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

4

In evaluating whether the Petitioner's Sixth Amendment rights were violated by errors of counsel, the focus is on whether there was a breakdown in the adversarial process affecting the fundamental fairness of the trial and the reliability of the result. *Id.* at 696. Bare allegations of ineffectiveness are insufficient. Before a hearing on a habeas corpus petition must be held, "the petition must be accompanied by a detailed and specific affidavit which shows the petitioner has actual proof of the allegations going beyond mere unsupported assertions." *Barry v. United States*, 528 F.2d 1094, 1101 (7th Cir.1976) (emphasis added). A petition for habeas corpus based upon speculation and conjecture is "patently insufficient." *Id.* at 1102. Accord, *United States v. Brooks*, 677 F.2d 907, 911-12 (D.C. Cir. 1982); *United States v. Ortega-Velasquez*, 465 F.2d 419 (5th Cir. 1972).

As the Magistrate Judge correctly points out, the decision to exclude one potential juror over another squarely falls into the category of trial strategy, and mere disagreements with counsel's strategic decisions do not support a claim of ineffective assistance of counsel. This Court agrees that while it is easy to second guess counsel's decision in hindsight after the verdict, the strategy was not unreasonable at the time. In Respondent's Answer/Return of Writ, they point out, and the Court agrees, "As *Strickland* made clear, our role on habeas review is not to nitpick gratuitously counsel's performance. After all, the constitutional right at issue here is ultimately the right to a fair trial, not to perfect representation." *Smith v. Mitchell*, 348 F.3d 177, 206 (6th Cir. 2003).

Petitioner has not pointed to any clearly established federal law suggesting that a failure to challenge a juror renders counsel's representation inadequate. The Court cannot find that counsel's strategic decisions were unreasonable. Therefore, the Court finds the state appellate court's ruling was neither contrary to, nor an unreasonable application of, clearly established federal law. Ground One of Petitioner's Petition claiming ineffective assistance of counsel is without merit and denied.

In Ground Two, Petitioner attempts to raise an actual innocence claim as a distinct basis for habeas relief, rather than merely as a justification for his procedural default. As the Magistrate Judge points out, the Sixth Circuit has "refused to recognize a theoretical 'free-standing' actual innocence claim." *See D'Ambrosio v. Bagley*, 527 F.3d 489, 498 n. 6 (6th Cir. 2008); *see also Schlup v. Delo*, 513 U.S. 298, 315 (1995). Even if such a claim were cognizable, Petitioner would be required to present the court with "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 324; *See Jones v. Bradshaw*, 489 F. Supp.2d 786, 807 (N.D. Ohio 2007).

The Court finds the Magistrate Judge's Report and Recommendation accurately and thoroughly addresses Petitioner's argument regarding his actual innocence. Petitioner's argument is similar to one recently addressed by the Sixth Circuit in *Howard v. Wolfe*, 199 Fed. Appx. 529 (6th Cir. 2006). Therein, the petitioner, who was convicted of child endangerment, argued that his procedural default should be excused due to his alleged actual innocence based on "new" medical opinions.

As the Magistrate Judge points out in this case, the evidence proffered by Petitioner in the way of medical opinions is not new evidence. At trial, defense counsel elicited expert testimony suggesting that the victim's injuries were longstanding and were not the result of abuse. The evidence Petitioner portrays as new is merely cumulative of evidence presented at trial and is insufficient to meet the actual innocence standard. *See Howard*, 199 Fed. Appx. at 534. Therefore, the Court finds Petitioner's claim of actual innocence is without merit and is denied.

In Ground Three of Petitioner's Petition, he contends his sentence violated clearly established federal law based on the United States Supreme Court decision in *Blakely v. Washington*, 542 U.S. 296 (2004). As the Magistrate Judge's Report and

6

Recommendation makes clear, Petitioner never presented this issue on direct appeal. Rather, he first raised this issue in a Motion for Relief from Judgment which the Ohio courts construed as a Petition for Post-conviction Relief. Federal courts will not consider the merits of procedurally defaulted claims, unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, or where failure to review the claim would result in a fundamental miscarriage of justice. *See Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006) (citing *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)).

In *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986), the Sixth Circuit established a four-step analysis to determine whether a claim is procedurally defaulted. Under this test, the Court decides (1) whether the petitioner failed to comply with an applicable state procedural rule, (2) whether the state courts actually enforced the state procedural sanction, (3) whether the state procedural bar is an "independent and adequate" state ground on which the state can foreclose federal review, and (4) whether the petitioner has demonstrated "cause" and "prejudice." Id. at 138-39; *Barkley v. Konteh*, 240 F.Supp.2d 708 (N.D. Ohio 2002).

Applying the four-part *Maupin* test established by the Sixth Circuit to Petitioner's habeas petition, the Magistrate Judge points out Petitioner neither complied with the requirement that an appellant raise all available issues on direct appeal, nor did he raise the issues in a timely manner under O.R.C. § 2953.21. Additionally, the state appellate court actually enforced the procedural sanctions, as it found that Petitioner's motion was untimely and the issues raised therein were barred by res judicata. The doctrine of res judicata applies to constitutional claims that could have been raised in a direct appeal, as well as those that could have been raised in a post conviction proceeding. *Norris v. Schotten*, 146 F.3d 314, 332 (6th Cir. 1998) (citing *State v. Combs*, 652 N.E.2d 205, 209 (Ohio Ct. App. 1994) (holding that res judicata precludes post-conviction relief to address constitutional claims that could have been raised on direct appeal from the

7

conviction and sentence)).

The Sixth Circuit has explicitly recognized res judicata as an adequate and independent basis for procedural default. *Norris*, 146 F.3d at 332; *Rust v.Zent,* 17 F.3d at 161. Therefore, as the Magistrate Judge correctly concluded, Petitioner 's claim that he did not raise his *Blakely* claim on direct appeal due to appellate counsel's alleged ineffectiveness is without merit. Petitioner never raised such a claim before the state courts, and thus, the Court finds Petitioner has procedurally defaulted his third ground for relief.

For the foregoing reasons, the Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well-reasoned Report and Recommendation. Therefore, Petitioner's Petition under 28 U.S.C §2254 for Writ of Habeas Corpus by a Person in State Custody is denied.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

IT IS SO ORDERED.


March 10, 2009              s/Christopher A. Boyko
Date                        CHRISTOPHER A. BOYKO
                            United States District Judge